IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TOMMY BURDUE                                                                                              PLAINTIFF

v.                           Civil No. 6:21-cv-06060

SUPERVISOR JOE JONES, Trinity
Services Group; SHERIFF MIKE
MCCORMICK, et al.                                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an Order of the Court.

### I. DISCUSSION

This is a civil rights action filed by the Plaintiff, Tommy Burdue ("Burdue"), pursuant to 42 U.S.C. § 1983. Burdue proceeds *pro se*. Burdue is incarcerated in the Garland County Detention Center.

By Order (ECF No. 2) entered on April 28, 2021, Burdue was directed to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). The amended complaint and IFP application were to be filed by May 27, 2021. Burdue was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

To date, Burdue has not filed an amended complaint or an IFP application. Burdue has not sought an extension of time to comply with the Order. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the

1

ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Burdue's failure to prosecute this case, his failure to obey the Order of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of June 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE